FILED
United States Court of Appeals
Tenth Circuit

September 18, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOMAS DELEON, III,

      Petitioner - Appellant,

v.

RANDALL WORKMAN,

      Respondent - Appellee.

No. 06-6270

W.D. Okla.

(D.C. No. CIV-06-171-L)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY
AND DISMISSING APPLICATION**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Tomas DeLeon III, a state prisoner, filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court denied the petition as well as DeLeon's request for a Certificate of Appealability (COA). DeLeon renews his request for a COA here. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). We decline to grant a COA and dismiss his application.

*I. Background*

On August 19, 2003, DeLeon was convicted by a jury of five counts of lewd molestation in violation of Okla. Stat. tit. 21 § 1123. On August 20, 2003, in accordance with the jury's recommendation, the district court sentenced him to

ten years for Count 1, one year each for Counts 2, 4 and 5, and three years for Count 3. The consecutive sentences combine for a total of sixteen years. His conviction was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals (OCCA). *See DeLeon v. Oklahoma*, No. F 2003-959 (Okla. Crim. App. Nov. 24, 2004) (unpublished).

DeLeon filed a § 2254 petition on February 17, 2006, claiming seven errors identical to the claims he argued to the OCCA. DeLeon claimed: (1) ineffective assistance of trial counsel for failing to develop conspiracy and "alibi" defenses, failing to object to hearsay and other crimes evidence, failing to object to the information filed against him based upon the joinder of offenses; (2) prosecutorial misconduct for statements made during closing argument; (3) improper admission of evidence of other crimes; (4) failure of the trial court to ensure a complete record; (5) insufficient evidence to support his convictions for lewd molestation on Counts 3, 4, and 5; (6) insufficient evidence to bind him over on Count 4 following the preliminary hearing; and (7) cumulative error.[1] Magistrate Judge Argo prepared a comprehensive and well supported Report and Recommendation addressing each of DeLeon's claims. On July 28, 2006, the district court reviewed the magistrate judge's Report and Recommendation and conducted a de novo review of DeLeon's objections to the report. It determined each of DeLeon's objections were without merit and adopted the Report and

---

[1] DeLeon does not reassert claims 4 and 6 as grounds for granting a COA.

Recommendation in its entirety, denied DeLeon's petition and dismissed the action. Thereafter, the district court denied DeLeon's request for a COA. DeLeon timely filed his notice of appeal and request for a COA.

### III. Certificate of Appealability

A COA is a jurisdictional prerequisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if DeLeon makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).

We have carefully reviewed DeLeon's arguments regarding alleged errors in his state trial and appeal. We have also carefully reviewed the magistrate judge's Report and Recommendation and the district court's order adopting its findings; the analyses are correct. Nothing in DeLeon's brief, the prior state and federal judicial decisions pertaining to his conviction, or the record on appeal raises an issue which meets our standard for the grant of a COA. The district court's order of dismissal is not reasonably debatable. *Slack,* 529 U.S. at 484.

Accordingly, we **DENY** DeLeon's application for a COA and **DISMISS** the appeal.

FOR THE COURT:

Terrence L. O'Brien
United States Circuit Judge